# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JABBAR MUHAMMAD ALI WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-136 |
| | ) | CV419-137 |
| IAN HEAP, et al., | ) | CV419-138 |
| | ) | CV419-145 |
| Defendants. | ) | CV419-146 |
| | ) | CV419-147 |
| | ) | |

## **ORDER AND REPORT AND RECOMMENDATION**

On April 19, 2019, this Court recommended the dismissal of a complaint filed by plaintiff against multiple defendants because he failed to comply with a Court order and failed to update his address with the Court. CV419-061, doc. 5. That recommendation was adopted by the assigned District Judge on May 10, 2019 when plaintiff failed to file objections. *Id.*, doc. 7. Plaintiff has since filed a series of cases—listed above—alleging factually similar circumstances against several of the defendants in the previous cases. He has also filed a motion to proceed *in forma pauperis* in each of these cases. These applications, however, do not contain sufficient indicia of indigency. Accordingly, the Court entered an order requiring plaintiff to supplement his IFP request by August 19, 2019. *See, e.g.*, CV419-

136, doc. 8. Plaintiff failed to do so, instead filing a "Motion to Expedite Ruling." Doc. 9.[1] In this motion, he alleges that the undersigned "has partaken in illegal acts such as bribery which in the same would be corruption." *Id.* at 2. Based on some of these allegations, the Court was concerned that plaintiff had either filed an appeal with the Eleventh Circuit Court of Appeals either on the merits of the prior dismissal or pursuant to the Judicial Conduct and Disability Act of 1980, 28 U.S.C. §§ 351-364 and the Rules for Judicial-Conduct and Judicial-Disability Proceedings. Either would have called into question the jurisdiction of this Court or the ability of the undersigned to dispose of plaintiff's case. However, it has been nearly four months since plaintiff filed his allegations and the Court has not been made aware of any properly filed complaint or appeal. *See* 28 U.S.C. § 351(c).

All of these cases should, therefore, be dismissed without prejudice because plaintiff has failed to comply with the August 19, 2019, deadline for returning an amended IFP request. This Court has the authority to prune cases from its dockets where parties have failed to comply with its Orders. *See* L.R. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution);

---

[1] Plaintiff has filed the same motion in each of the above captioned cases. For ease of reference, the Court cites to the document in CV419-136 at doc. 9.

*Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Plaintiff's case should thus be **DISMISSED** without prejudice for failing to comply with the Court's Order.

Out of an abundance of caution, in the event plaintiff did intend to file a complaint regarding the undersigned, the Clerk of Court is **DIRECTED** to immediately submit a copy of this Report and Recommendation (R&R) as well as a copy of plaintiff's Motion to Expedite Ruling to the Chief Judge of the District for his review and reassignment—if the chief judge believes it is necessary.[2] If, after the expiration of 14 days, the Chief Judge has not taken any action to refer this matter to the Chief Judge of the Circuit, *see* 11th Cir. JDCR 5, this R&R shall be submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R

---

[2] 28 U.S.C. § 455 requires the recusal of a judge where "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." It is the undersigned's opinion that the allegations contained within the motion to expedite are too speculative to convince a reasonable person of bias. *See, e.g.*, *United States v. Miranne*, 688 F.2d 980, 985 (5th Cir. 1982); *see also* doc. 9 at 2 (plaintiff's allegation that he "currently [has] an alien substance in my stomach that is attacking me daily and punishing me for filing my complaints. Another source has control of my body and putting corrupt thoughts in my head. I'm being attacked verbally by other citizens who are being controlled by another source, daily. We are being mind controlled and I want accept the oppression.").

3

with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 18th day of December, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA